1  Douglas A. Hofmann, WSBA #6393
   John A. Knox, WSBA #12707
2  Williams, Kastner & Gibbs PLLC
   601 Union Street, Suite 4100
3  Seattle, WA  98101-2380
   Tel:  (206) 628-6600
4
   [Additional Counsel Appear on Signature
5  Page]

6                  UNITED STATES DISTRICT COURT
7                  EASTERN DISTRICT OF WASHINGTON

8  REFAEL SOFAIR, individually and on        NO. 2:18-cv-00308-SMJ
   behalf of all others similarly situated,
9                                            RICO CASE STATEMENT
                   Plaintiff,
                                             CLASS ACTION
10
   v.
11
   GIGA WATT, INC., GIGAWATT PTE.
12 LTD., DAVID MATTHEW CARLSON,
   and DOES 1-10,
13
                   Defendants.
14

15

16

17

18

19

20

   RICO CASE STATEMENT                       **Williams, Kastner & Gibbs PLLC**
                                             601 Union Street, Suite 4100
                                             Seattle, Washington 98101-2380
   6681769.1                                 (206) 628-6600

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................... 1

Issue (a) and Response ................................................................................ 1

Issue (b) and Response ................................................................................ 3

Issue (c) and Response. ............................................................................... 6

Issue (d) and Response ............................................................................. 11

Issue (e) .................................................................................................... 14

Response to Issue (e)................................................................................. 15

Issue (f)….................................................................................................. 23

Response to Issue (f) ................................................................................. 24

Issue (g) and Response.............................................................................. 26

Issue (h) and Response.............................................................................. 27

Issue (i) and Response............................................................................... 27

Issue (j) and Response............................................................................... 28

Issue (k) and Response.............................................................................. 29

Issue (l) and Response............................................................................... 29

Issue (m) ................................................................................................... 29

Response to Issue (m) ............................................................................... 30

Issue (n) and Response.............................................................................. 33

Issue (o) and Response.............................................................................. 35

Issue (p) and Response.............................................................................. 35

Issue (q) and Response.............................................................................. 36

Issue (r) and Response .............................................................................. 37

Issue (s) .................................................................................................... 37

RICO CASE STATEMENT - i

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6681769.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

Response to Issue (s).............................................................................38

Issue (t) and Response..........................................................................38

Issue (u) ...............................................................................................38

Response to Issue (u) ...........................................................................39

RICO CASE STATEMENT - ii

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6681769.1

1

## **INTRODUCTION**

2    Plaintiff, on his own behalf as well as on behalf of the Class Members,

3 hereby files his RICO Case Statement pursuant to Local Rule 3.2, which addresses

4 the federal civil racketeering claims alleged in the Class Action Complaint, filed on

5 October 2, 2018 (the "Complaint"; ECF No. 1) against defendants Giga Watt, Inc.,

6 GigaWatt Pte. Ltd. and David Carlson (together, "Giga Watt" or "Defendants").

7    The information stated herein is based upon Plaintiff's personal knowledge

8 as to his facts and experiences, and, as to all other matters, on information and

9 belief based on investigation conducted by his counsel.

10    **Issue (a): state whether the alleged unlawful conduct is in violation of
11 18 U.S.C. § 1962(a), (b), (c), and/or (d).**

12 **Response:** The Defendants' wrongful conduct, as alleged in the Complaint,

13 violates 18 U.S.C. § 1962(c) and (d) of the Racketeer Influenced and Corrupt

14 Organizations Act ("RICO"). In Count I of the Complaint, Plaintiff, on his own

15 behalf and on behalf of the Class Members, asserts a claim against Defendants for

16 RICO violations arising out of an enterprise Defendants operated along with other

17 individuals and entities, including unknown third parties, to market and sell

18 cryptocurrency mining equipment and hosting services (the "Giga Watt RICO

19 Enterprise").

20

RICO CASE STATEMENT - 1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    Defendants used e-mail, internet, U.S. mail and other commercial interstate

2    carriers to perpetuate an unlawful scheme to market, price, and sell mining

3    equipment and hosting services by means of false pretenses, misrepresentations,

4    promises, and omissions. The Giga Watt RICO Enterprise was structured in a way

5    where one company created a platform and the means to purportedly finance the

6    construction of a hosting facility; a second company purported to construct the

7    hosting facility and maintain the mining equipment and also marketed and

8    promoted a third company that sold the mining equipment.

9    Defendants engaged in a coordinated activity of marketing and selling

10   ostensible "turnkey" cryptocurrency mining services without the necessary mining

11   equipment to sell, or the necessary hosting infrastructure host it. They promoted,

12   adopted and enforced restrictions on Plaintiff and the other Class Member that

13   required them to purchase the codependent and parasitic services and the

14   equipment provided by the Giga Watt RICO Enterprise. Through their interrelated

15   websites, Defendants falsely promoted and sold "turnkey" cryptocurrency mining

16   services, when they did not have the necessary equipment to sell, or the necessary

17   facilities to host the mining equipment; and continued to falsely advertise and

18   promote the "low" electricity costs of their mining services, which attracted more

19   consumers, thereby perpetuating the cycle of selling equipment that was not

20   deployed on time or not deployed at all.

RICO CASE STATEMENT - 2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1   Plaintiff Sofair fell victim to this pattern of racketeering activity on at least

2   four separate occasions, when he purchased Giga Watt miners in August 2017 for

3   approximately $17,000, which Defendants were supposed to deploy in October and

4   November 2017. Instead, four of the eight miners Plaintiff purchased were never

5   deployed, and four were not deployed until February 2018, six months after

6   Plaintiff purchased them. The miners rapidly depreciated and lost substantial value

7   during the delayed deployment or almost all their value for those never deployed.

8   **Issue (b): List each defendant and state the alleged misconduct and
basis of liability of each defendant.**

9

10   **Response:** Defendant Giga Watt, Inc. is a Washington corporation, with its

11   principal place of business in East Wenatchee, Washington. Giga Watt, Inc.[1]

12   markets and sells cryptocurrency mining services, including equipment and hosting

13   services to customers worldwide. During the time period giving rise to the

14   allegations in the Complaint, Giga Watt, Inc. was controlled by its Chief Executive

15   Officer ("CEO") and founder, Defendant David Mathew Carlson.

16

17   [1]   On November 19, 2018, Giga Watt, Inc. filed a voluntary petition for

18   Chapter 11 Bankruptcy. *See* Case No. 18-03197-11, United States Bankruptcy

19   Court for the Eastern District of Washington. Given the pendency of the petition,

20   this action is automatically stayed as against Giga Watt, Inc.

RICO CASE STATEMENT - 3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    Giga Watt, Inc. is liable under RICO for conducting the operations of an

2 enterprise through a pattern of racketeering activity at issue. Through its website,

3 Giga Watt, Inc. advertises and sells a purportedly full-service cryptocurrency

4 mining solution, which includes the purchase and delivery of the mining

5 equipment, its setup, and its operation/hosting at Giga Watt, Inc.'s mining facilities

6 in Washington (the "Facilities"). Defendants concede their mining equipment has a

7 2.5-year life span. Despite its representations, Giga Watt, Inc. does not have

8 sufficient hosting capacity at the Facilities because the necessary structures –

9 called "Giga Pods" – have not been built. Giga Watt, Inc. facilitated the sale of the

10 mining equipment to Plaintiff and the Class Members; it accepted payment for the

11 equipment but failed to deploy and host the mining equipment for months after it

12 was purchased. In some instances, the purchased mining equipment was not

13 deployed at all either because the mining equipment is not available from

14 GigaWatt Pte.'s supplier and/or because there is no space at the Facilities for any

15 additional mining equipment. In other instances, the mining equipment was never

16 delivered to the Facilities. Defendant Giga Watt, Inc. was an integral part of the

17 Giga Watt RICO Enterprise and violated Plaintiff and the Class Members' rights.

18    Defendant GigaWatt Pte. Ltd. is a Singapore private exempt company (U.S.

19 equivalent of a closely held corporation), with its principal place of business in

20 Singapore. GigaWatt Pte. is liable under RICO for conducting the operations of an

RICO CASE STATEMENT - 4

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

enterprise through a pattern of racketeering activity. Through its website, Giga Watt Pte. advertises and sells a purportedly full-service cryptocurrency mining solution, which includes the purchase and delivery of the mining equipment, its setup, and its operation/hosting at the Facilities. Defendants concede their mining equipment has a 2.5-year life span. Despite its representations, Giga Watt Pte. sold and continued to sell the mining equipment to Plaintiff and the Class Members while there was no space to host any new mining equipment at the Facilities; it accepted payment for the mining equipment but did not deliver the mining equipment to the Facilities for months after purchase or failed to deliver the equipment to the Facilities entirely. Defendant Giga Watt Pte. was an integral part of the Giga Watt RICO Enterprise and clearly violated Plaintiff and the Class Members' rights.

Defendant David Matthew Carlson ("Carlson") is a resident of the State of Washington. Carlson formed Giga Watt, Inc. on December 15, 2016, purportedly as a successor to the Bitcoin-mining company MegaBigPower, which he founded in 2012. Carlson is the former CEO and founder of defendant Giga Watt, Inc.; he resigned his CEO position in August 2018. Carlson was intimately involved in the relationships and operations between and amongst Giga Watt, Inc. and GigaWatt Pte. (collectively "Giga Watt"). Carlson, using the other Defendants, created and implemented the scheme alleged in the Complaint and, along with the other

RICO CASE STATEMENT - 5

defendants and third parties, is responsible for the acts and omissions alleged. Carlson was consulted and made decisions regarding numerous issues affecting the marketing, sale and deployment of the cryptocurrency mining services at issue. Carlson was involved in advertising decisions, and actively advertised Giga Watt's mining services by himself appearing in promotional videos for Giga Watt and participating in in-person sales presentations to potential Giga Watt customers. Carlson has also taken part in other miscellaneous aspects of Giga Watt's operations: he actively responded to inquiries from Giga Watt's customers and the public through Giga Watt's instant messaging service and provided information to Giga Watt's customers regarding the status of mining equipment deployment.

**Issue (c): List the alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.**

**Response:** <u>Leonid Markin</u> is one of Giga Watt, Inc.'s co-founders and one of the company's controlling shareholders. As a controlling shareholder, Mr. Markin controlled Giga Watt, Inc.'s board of directors, and accordingly, the company's officers. As a co-founder and a controlling shareholder, Mr. Markin would have been instrumental in Giga Watt, Inc.'s coordination and planning with GigaWatt Pte. in furtherance of the fraudulent scheme in violation of RICO. Mr. Markin also co-founded Cryptonomos Pte. Ltd.

RICO CASE STATEMENT - 6

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    Andrey Kuzenny is one of Giga Watt, Inc.'s co-founders and one of the

2  company's controlling shareholders. As a controlling shareholder, Mr. Kuzenny

3  controlled Giga Watt, Inc.'s board of directors, and accordingly, the company's

4  officers. As a co-founder and a controlling shareholder, Mr. Kuzenny would have

5  been instrumental in Giga Watt, Inc.'s coordination and planning with GigaWatt

6  Pte. in furtherance of the fraudulent scheme in violation of RICO.

7    Eduard Khaptakhaev is one of Giga Watt, Inc.'s co-founders and one of the

8  company's controlling shareholders. Mr. Khaptakhaev is also a co-founder of

9  Cryptonomos. As a Giga Watt, Inc. controlling shareholder, Mr. Khaptakhaev

10  controlled Giga Watt, Inc.'s board of directors, and accordingly, the company's

11  officers. As a co-founder and a controlling shareholder, Mr. Khaptakhaev would

12  have been instrumental in Giga Watt, Inc.'s coordination and planning with

13  GigaWatt Pte. in furtherance of the fraudulent scheme in violation of RICO.

14    Cryptonomos Pte. Ltd., formerly known as Hyberstar Pte. Ltd. is a

15  Singapore private exempt company. Cryptonomos and GigaWatt Pte. share the

16  same virtual office with a physical address at 1 Magazine Road, #04-11 Central

17  Mall, Singapore 059567, as well as an office at 1 Coleman Street, #08-07 Adelphi,

18  Singapore 179803. The websites for Giga Watt, Inc. and Cryptonomos were

19  registered on the same date, November 10, 2016.

20

RICO CASE STATEMENT - 7

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    Giga Watt, Inc. conducted an Initial Coin Offering ("ICO") between June 2,

2    2017 and July 31, 2017, through which the company raised tens of millions of

3    dollars. Corporate officers and other representatives from Giga Watt, Inc. and

4    GigaWatt Pte. comprised the Giga Watt Project Team. Giga Watt conducted the

5    ICO through Cryptonomos' funding portal by selling "tokens" which purportedly

6    represent the right to use the Facilities rent-free for 50 years.

7    Defendants refer to these tokens as "WTT Tokens," and the participating

8    investors as "WTT Token Holders." For every 100 tokens sold through the ICO, 15

9    tokens were issued and retained for Defendants' "team members, partners and

10   advisors." Unbeknownst to Plaintiff and the Class Members, and not disclosed to

11   them on Defendants' websites or otherwise, WTT Token Holders (including

12   Defendants' team members, partners and advisors) received hosting priority over

13   non-token holders. Plaintiff is not a token holder.  The WTT Tokens and mining

14   equipment sold by Defendants require far more hosting capacity than exists at the

15   Facilities.

16   Michael Savuskan is GigaWatt Pte.'s CEO. Mr. Savuskan was a member of

17   the Giga Watt Project Team. As the CEO, Mr. Savuskan would have been

18   instrumental in GigaWatt Pte.'s coordination and planning with Giga Watt, Inc. in

19   furtherance of the fraudulent scheme in violation of RICO; he was also responsible

20   for GigaWatt Pte.'s day-to-day operations, including its marketing and sales of

RICO CASE STATEMENT - 8

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    mining equipment.

2        <u>Adam West</u> was Giga Watt, Inc.'s Chief Operating Officer ("COO") and

3    Vice President ("VP") of Business Development. Mr. West was a member of the

4    Giga Watt Project Team. As Giga Watt, Inc.'s COO and VP of Business

5    Development, Mr. West would have been instrumental in Giga Watt, Inc.'s

6    coordination and planning with GigaWatt Pte. in furtherance of the fraudulent

7    scheme in violation of RICO.

8        <u>Kyle Sidles</u> was Giga Watt, Inc.'s Chief Technology Officer ("CTO"). As

9    Giga Watt, Inc.'s CTO, Mr. Sidles would have been instrumental in Giga Watt,

10   Inc.'s coordination and planning with GigaWatt Pte. in furtherance of the

11   fraudulent scheme in violation of RICO; he was also responsible for the hosting

12   and maintenance of the mining equipment at Giga Watt, Inc.'s mining facilities.

13       <u>Timur Usmanov</u> is Giga Watt, Inc.'s Chief Financial Officer ("CFO") and

14   Secretary. As Giga Watt, Inc.'s CFO, Mr. Usmanov would be instrumental in Giga

15   Watt, Inc.'s coordination and planning with GigaWatt Pte. in furtherance of the

16   fraudulent scheme in violation of RICO.

17       <u>Hayden Gill</u> is VP of Sales at GigaWatt Pte and Giga Watt, Inc. As the VP

18   of Sales, Mr. Gill would have been instrumental in coordination and planning

19   between and amongst GigaWatt Pte and Giga Watt, Inc. in furtherance of the

20   fraudulent scheme in violation of RICO; he was also responsible for Gia Watt,

RICO CASE STATEMENT - 9

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6681769.1

Inc.'s and GigaWatt Pte.'s marketing and sales of tokens, mining equipment and mining hosting services.

Marina Mikhaylyuta is GigaWatt Pte.'s sole shareholder and a member of its board of directors. As a director and control person, Ms. Mikhaylyuta would have been instrumental in GigaWatt Pte.'s coordination and planning with Giga Watt, Inc. in furtherance of the fraudulent scheme in violation of RICO.

Lim Hui Qi is a member of GigaWatt Pte.'s board of directors.  As a director, Mr. Qi would have been instrumental in GigaWatt Pte.'s coordination and planning with Giga Watt, Inc. in furtherance of the fraudulent scheme in violation of RICO.

Chong Sook Yee and Victoria Solyanik appear to be serving concurrently as GigaWatt Pte.'s corporate Secretary. As the corporate Secretary, Mr. Yee and Ms. Solyanik would have been instrumental in GigaWatt Pte.'s coordination and planning with Giga Watt, Inc. in furtherance of the fraudulent scheme in violation of RICO.

Zeev Kirsh is Giga Watt, Inc. and Cryptonomos Pte.'s Legal Counsel. As the Legal Counsel for Giga Watt and Cryptonomos, Mr. Kirsh would have been instrumental in GigaWatt, Inc.'s coordination and planning with GigaWatt Pte. and Cryptonomos Pte. in furtherance of the fraudulent scheme in violation of RICO.

RICO CASE STATEMENT - 10

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6681769.1

At this time, Plaintiff is ignorant of the true names, capacities, relationships and the extent of participation of any other wrongdoers in Defendants' fraudulent enterprise and reserves the right to amend this RICO Case Statement and/or the allegations in the Complaint as any new information is discovered.

**Issue (d): List the alleged victims and state how each victim was allegedly injured.**

**Response**: The victims of the RICO violations are individuals and entities within the United States who purchased mining equipment and/or hosting services from the Defendants, but whose mining equipment did not start mining operations at the time Defendants represented to them at the time of purchase. Plaintiff is a victim of Defendants' fraudulent scheme.

Plaintiff Refael Sofair is a citizen of the State of New York. From August 18, 2017 through August 29, 2017, Plaintiff purchased Defendants' mining service, including the equipment and hosting services for eight mining computers that were to be installed and deployed at the Facilities shortly after delivery.

On August 18, 2017, Plaintiff purchased one Antminer L3+ and one Antminer S9 from Giga Watt for $4,190.00 that were supposed to be delivered and deployed at the Facilities by "Late October." Antminer L3+ and S9 are manufactured by Bitmain, a private Chinese company. In August 2017, Bitmain sold the L3+ miner for $1,291.00 and the S9 model for $1,288.00. Had Plaintiff

RICO CASE STATEMENT - 11

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

purchased this equipment directly from Bitmain, he would have paid substantially less. Giga Watt charged more for the same equipment purportedly because it was sold as part of Giga Watt's "turnkey" cryptocurrency mining services including free set up and access to "low cost" electricity and hosting. Giga Watt never deployed the Antminer S9, and the Antminer L3+ was not deployed until February 2018. Today, the S9 model may be purchased for $450.00 and the L3+ model for $52.00. Defendants knew the value of the miners would depreciate rapidly.

On August 21, 2017, Plaintiff purchased three Antminer D3's from Giga Watt for $6,897.00 that were supposed to be delivered and deployed at the Facilities by "November." The Antminer D3 is also manufactured by Bitmain. In August 2017, Bitmain sold the D3 model for $1,450.00. Had Plaintiff purchased this equipment directly from Bitmain, he would have paid substantially less. Giga Watt charged more for the same equipment purportedly because it was sold as part of Giga Watt's "turnkey" cryptocurrency mining services. Giga Watt never deployed one of the Antminer D3s and two Antminer D3s were not deployed until February 2018. Today, the D3 model may be purchased for $39.00.

On August 22, 2017, Plaintiff purchased two additional Antminer S9's from Giga Watt for $3,400.00 that were supposed to be delivered and deployed at the Facilities by "Late October." Had Plaintiff purchased this equipment directly from Bitmain, he would have paid substantially less. Giga Watt charged more for the

RICO CASE STATEMENT - 12

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

same equipment purportedly because it was sold as part of Giga Watt's "turnkey" cryptocurrency mining services. Giga Watt never deployed the Antminer S9's which have now lost more than 70% of their value and never generated any proceeds from cryptocurrency mining.

On August 29, 2017, Plaintiff purchased two more Antminer L3+'s from Giga Watt for $2,490. Had Plaintiff purchased this equipment directly from Bitmain, he would have paid substantially less. Giga Watt charged more for the same equipment purportedly because it was sold as part of Giga Watt's "turnkey" cryptocurrency mining services. Giga Watt did not deploy the Antminer L3+'s until February 2018.

Consequently, Plaintiff was injured by purchasing miners at grossly inflated prices that were never deployed or were not deployed until several months after they were supposed to be deployed. Plaintiff lost substantial cryptocurrency mining proceeds that would have been generated from timely deployment of the miners he purchased from Defendants.  Moreover, due to a 2.5-year or shorter lifecycle, Plaintiff's cryptocurrency mining equipment has *de minimis* salvage value, if any, as the current technology demands of cryptocurrency mining equipment far exceed the capability of Plaintiff's equipment.

RICO CASE STATEMENT - 13

**Issue (e): Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim. A description of the pattern of racketeering shall include the following information:**

(1) List the alleged predicate acts and the specific statutes which were allegedly violated;

(2) Provide the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding the predicate acts;

(3) If the RICO claim is based on the predicate offenses of wire fraud, mail fraud, or fraud in the sale of securities, the "party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). Identify time, place and contents of the alleged misrepresentations, and the identity of persons to whom and by whom the alleged misrepresentations were made;

(4) State whether there has been a criminal conviction for violation of the predicate acts;

(5) State whether civil litigation has resulted in a judgment in regard to the predicate acts;

(6) Describe how the predicate acts form a "pattern of racketeering activity";  and

(7) State whether the alleged predicate acts relate to each other as part of a common plan. If so, describe in detail.

RICO CASE STATEMENT - 14

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6681769.1

**Response:** Defendants' fraudulent enterprise deceived Plaintiff, Class Members and the public into believing Defendants' mining services included mining equipment that would be delivered from overseas, where it would be promptly deployed to mine various cryptocurrencies at the Facilities that Defendants promised would increase Plaintiff and the Class Members' revenues due to the low electricity costs in the Central Washington area where the Facilities are located. As a direct result of the Giga Watt RICO Enterprise's fraudulent scheme and common course of conduct, Defendants were able to extract revenues of millions of dollars from Plaintiff and the Class Members. In furtherance of the scheme, the Defendants each affirmatively misrepresented or concealed the truth about the availability of Giga Watt's mining equipment, Giga Watt's actual hosting capabilities, and their true intentions, to Plaintiff and the other Class Members. Specifically, Defendants claimed the mining equipment would be operational within the promised timeframe and subsequently hosted through the low-cost Facilities with access to cheap and plentiful electricity. In truth, Giga Watt did not have the equipment, capacity, ability, or intention to set up and host the mining equipment purchased by Plaintiff and the Class Members.

(1) Defendants' predicate acts of racketeering (18 U.S.C.§ 1961(1)) include, but are not limited to:

RICO CASE STATEMENT - 15

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

(a) <u>Mail Fraud</u>: Defendants violated 18 U.S.C. § 1341 by sending or receiving, or by causing to be sent and/or received, materials via the U.S. mail or commercial interstate carriers for the purpose of executing the unlawful scheme to market, price, and sell mining equipment and hosting services by means of false pretenses, misrepresentations, promises, and omissions; and

(b) <u>Wire Fraud</u>: Defendants violated 18 U.S.C. § 1343 by transmitting and/or receiving, or by causing to be transmitted and/or received, materials by interstate wire (*i.e.*, email and use of the Internet for advertising purposes) for the purpose of executing the unlawful scheme to market, price, and sell mining equipment and hosting services and defraud and obtain money on false pretenses, misrepresentations, promises, and omissions.

(2) In August 2017, Plaintiff purchased three S9 miners, three D3 miners, and two L3+ miners. On August 17, 2017, GigaWatt Pte. sent Plaintiff an invoice via email for a purchase of the L3 and the S9 miners. The invoice promised a deployment date of "Late October." An August 31, 2017 e-mail from GigaWatt Pte. to Plaintiff confirmed the "Late October" delivery date. In a separate invoice sent by e-mail, GigaWatt Pte. advised Plaintiff that his D3 miners would be deployed in November 2017.

RICO CASE STATEMENT - 16

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

On October 5, 2017, Giga Watt Pte. issued an e-mail alert to Plaintiff and the other Class Members, advising them of an 11- to 13-week delay in getting the L3 miners to Giga Watt, Inc.'s mining Facilities in Washington State.

In a November 29, 2017 e-mail, Giga Watt Pte. advised Plaintiff that his miners "ha[ve] arrived" at the Washington Facilities; however, in a December 18, 2017 e-mail Plaintiff was told that his miners "should be deployed in December." On January 5, 2018, Giga Watt Pte. advised Plaintiff in an e-mail that his "miner(s) should be deployed in January/February."

Defendants never deployed any of Plaintiff's S9 miners for which he paid $4,688. Defendants did not deploy any of Plaintiff's L3 miners until February 2018. One of Plaintiff's D3 miners was never deployed, and two were not deployed until February 2018.

On April 13, 2018, a buyer of Defendants' mining services, with a Telegram handle "The real Elvis" wrote on Defendants' Telegram electronic message board: "I'm waiting since 5 months for my mining power and haven't received anything! Not even a f… update by Email! And you don't even answer to support tickets anymore!" In response, a member of Defendants' support team with a Telegram handle "Ziaul" wrote: "None of the delays should ever happen. Our team is working hard to complete [the order]. Sorry for the delays."

RICO CASE STATEMENT - 17

1    (3) <u>Mail Fraud</u>: Defendants violated 18 U.S.C. § 1341 by sending or

2    receiving, or by causing to be sent and/or received, materials via U.S. mail or

3    commercial interstate carriers for the purpose of executing the unlawful scheme to

4    market, price, and sell mining equipment and hosting services by means of false

5    pretenses, misrepresentations, promises, and omissions.

6            <u>Wire Fraud</u>: Defendants violated 18 U.S.C. § 1343 by transmitting

7    and/or receiving, or by causing to be transmitted and/or received, materials by

8    interstate wire (i.e., email and use of the Internet for advertising purposes) for the

9    purpose of executing the unlawful scheme to market, price, and sell mining

10   equipment and hosting services and defraud and obtain money on false pretenses,

11   misrepresentations, promises, and omissions.

12       Defendants' use of the mails and wires include, but are not limited to: (a) the

13   transmission of marketing or other materials about the availability for purchase of

14   cryptocurrency mining equipment; (b) electronic communications transmitting

15   cryptocurrency mining equipment purchase order confirmations and payment

16   receipts to Plaintiff and the Class Members; (c) the transmission of marketing or

17   other materials about Giga Watt's hosting solutions, hosting availability, and

18   hosting expertise; (d) the physical transmission and/or distribution of Plaintiff and

19   the Class Members' mining equipment through the mails; (e) the use of the

20   Internet, including a customer-only portal on www.Giga-Watt.com to transmit to

RICO CASE STATEMENT - 18

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6681769.1

Plaintiff and the Class Members the purported hosting status of their mining equipment; and (f) the use of the mails or wires to bill for or collect revenues and profits from the sale of mining equipment, mining equipment repairs, rental fees, and hosting charges.

Defendants also communicated by interstate mail, and by interstate electronic mail with various other affiliates, offices, divisions, dealerships, partners and other third-party entities in furtherance of the scheme.

The mail and wire transmissions described herein were made in furtherance of Defendants' scheme and common course of conduct designed to sell cryptocurrency mining services, and to fraudulently extract millions of dollars of revenue from Plaintiff and the Class Members.

Many of the precise dates of the fraudulent uses of electronic communications, U.S. mail, and interstate wire facilities have been deliberately hidden by Defendants and cannot be alleged without access to Defendants' books and records.

(4) On information and belief, there have not been any criminal convictions for the violation of the predicate acts.

(5) On information and belief, there have not been any judgments entered in regard to the predicate acts.

RICO CASE STATEMENT - 19

(6) Since at least December 2016, Defendants and the third parties identified in Plaintiff's Response to Issue (c) have engaged in thousands of nearly identical acts wherein Giga Watt, Inc. markets cryptocurrency mining equipment that must be bought exclusively from GigaWatt Pte. In turn, Giga Watt, Inc. sells the cryptocurrency mining equipment that may be hosted and maintained exclusively at the Facilities. Through their interrelated websites, Giga Watt, Inc. and GigaWatt Pte. have been engaged in a coordinated activity of marketing and selling ostensible "turnkey" cryptocurrency mining services, when they do not have the necessary equipment to sell, or the necessary Giga Pods to host the mining equipment.

Plaintiff Sofair fell victim to this pattern of racketeering activity on at least four separate occasions, when he purchased Giga Watt miners on August 18, 21, 22, and 29 of 2017, which were supposed to be deployed at the Facilities in October and November of 2017. Instead, four of the eight miners Plaintiff purchased were never deployed, and four were not deployed until February 2018: six months after Plaintiff purchased them.

Although not fully or adequately disclosed to existing or potential customers, Giga Watt, Inc. owes approximately $5,000,000 in debt to various vendors, including contractors Giga Watt engaged to construct the Giga Pods. Still, until recently, Giga Watt marketed and sold cryptocurrency mining services

RICO CASE STATEMENT - 20

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1   through their websites, despite not having the financial means, permits, or licenses

2   to complete the Giga Pods necessary to house and deploy the cryptocurrency

3   mining equipment GigaWatt continued to market and sell.

4       Giga Watt also continued to market and advertise critically important low

5   electricity costs of its operations due to its location in Central Washington State.

6   However, the Douglas County Public Utilities Department ("PUD"), where the

7   Pangborn Giga Pods are located, plans to increase the electricity costs for

8   cryptocurrency mining operations. The neighboring Chelan County has already

9   enacted a moratorium on any new cryptocurrency operations until it determines the

10  new electricity rates for cryptocurrency mining operations, which new rates will be

11  at least doubled from the previous rates. Grant County, where the Moses Lake

12  Giga Pods are located, similarly adopted an "evolving industries" rate that nearly

13  doubled the former electricity rates for cryptocurrency mining operations.

14      The false advertisement and promotion of the "low" electricity costs

15  continues to attract more consumers to Giga Watt's cryptocurrency mining

16  services, thereby perpetuating the cycle of Giga Watt selling cryptocurrency

17  mining equipment that may never be deployed. Unless Giga Watt is enjoined, this

18  pattern of RICO activity will continue. Meanwhile, Giga Watt purports to possess

19  the cryptocurrency mining equipment purchased by Plaintiff and Class Members.

20  Until Giga Watt truthfully represents the status of their operations, Plaintiff and

RICO CASE STATEMENT - 21

1  Class Members will be prevented from making informed decisions about what to

2  do with the equipment they purchased and own, but do not presently possess.

3      (7) As described above, Defendants' predicate acts of mail and wire fraud

4  relate to each other and constitute a common plan in that Giga Watt's control

5  persons and related third parties that are described in Plaintiff's Response to Issues

6  (b) and (c) deceive consumers through false and deceptive advertisement of its

7  cryptocurrency mining services through a network of interrelated business entities

8  and individuals.

9      Specifically, Giga Watt, Inc. markets its cryptocurrency mining equipment

10  hosting services that are restricted to cryptocurrency mining equipment that must

11  be bought from co-conspirator GigaWatt Pte. GigaWatt Pte., in turn, sells

12  cryptocurrency mining equipment only to buyers who will host the equipment at

13  co-conspirator Giga Watt, Inc.'s Facilities, despite the Facilities' inability to host

14  and operate such cryptocurrency mining equipment.

15      Cryptonomos, which is under common ownership with GigaWatt Pte. (and

16  has at least one of the same co-founders as Giga Watt, Inc.), acted as an

17  intermediary to market and raise millions of dollars through Giga Watt's June 2017

18  ICO. Through the ICO, millions of dollars were raised in exchange for providing

19  investors with WTT Tokens. According to Giga Watt, the WTT Tokens would be

20  required to receive hosting services from Giga Watt. In connection with the ICO,

RICO CASE STATEMENT - 22

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

Giga Watt insiders earmarked a percentage of WTT Tokens sold to themselves. As such, through the ICO, Giga Watt insiders raised money and granted themselves rights to have their cryptocurrency mining equipment hosted at the Facilities (to be purportedly built using funds raised in the ICO) or "rent" out the ability to do so to others, while owners of cryptocurrency mining equipment (purchased from GigaWatt Pte. or elsewhere) who were not WTT Token Holders were essentially prevented from having their equipment fully deployed because Giga Watt has not devoted the resources or constructed the facilities necessary to house and operate all the mining equipment it has sold. Plaintiff is not a WTT Token Holder.

**Issue (f): Describe in detail the alleged enterprise for each RICO claim. A description of the enterprise shall include the following information:**

(1) State the names of the individuals, partnerships, corporations, associations, or other legal entities, which allegedly constitute the enterprise;

(2) Describe the structure, purpose, function and course of conduct of the enterprise;

(3) State whether any defendants are employees, officers or directors of the alleged enterprise;

(4) State whether any defendants are associated with the alleged enterprise;

RICO CASE STATEMENT - 23

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6681769.1

(5) State whether you are alleging that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise; and;

(6) If any defendants are alleged to be the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

**Response:**

(1) Initially, the Giga Watt RICO Enterprise included Giga Watt, Inc., GigaWatt Pte., David Carlson, Cryptonomos Pte., and every known person described in Plaintiff's Response to Issues (b) and (c). Cryptonomos' full participation in the Giga Watt RICO Enterprise is unknown after Giga Watt completed the ICO but will be determined through discovery.

(2) The Giga Watt RICO Enterprise was structured in a way where Cryptonomos created a platform and the means to capitalize the Giga Watt RICO Enterprise by way of an ICO; Giga Watt, Inc. purported to provide the physical location to host and maintain the cryptocurrency mining equipment, and also marketed GigaWatt Pte. as the provider of the cryptocurrency mining equipment; and GigaWatt Pte. sold the cryptocurrency mining equipment and acted as the custodian and administrator for the WTT Tokens sold through the ICO. Defendant Carlson and the other named individuals promoted, adopted and enforced

RICO CASE STATEMENT - 24

1  restrictions on Plaintiff and the other Class Member that required them to purchase

2  the codependent and parasitic services and the equipment provided by either Giga

3  Watt, Inc. or GigaWatt Pte.

4      Defendant Carlson was consulted and made decisions regarding numerous

5  issues affecting the marketing, sale and deployment of the cryptocurrency mining

6  services at issue. Carlson was involved in advertising decisions, and actively

7  advertised Giga Watt's full-service cryptocurrency mining services by himself

8  appearing in promotional videos for Giga Watt and participating in in-person sales

9  presentations to potential Giga Watt customers. Carlson also acted as the public

10  face and point of contact for the Giga Watt RICO Enterprise: he actively responded

11  to inquiries from Giga Watt's customers and the public through Giga Watt's

12  instant messaging service and provided explanations for the delays in the delivery

13  of the cryptocurrency mining equipment, the delays in deploying the equipment;

14  and the delays in constructing the Giga Pods.

15      As such, each entity and individual performed a crucial task in financing,

16  operating and concealing the Giga Watt RICO Enterprise designed to enrich the

17  Defendants through the marketing and eventual sale of cryptocurrency mining

18  equipment at above market rates, without ever deploying it as promised.

19

20

RICO CASE STATEMENT - 25

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    (3) Defendant Carlson served as Giga Watt, Inc.'s CEO until he resigned in

2  August 2018. The roles, titles, and offices held by the other individuals and entities

3  are described in Plaintiff's Response to Issue (c).

4    (4) Every Defendant named in the Complaint is directly associated with the

5  Giga Watt RICO Enterprise.

6    (5) Plaintiff alleges that each Defendant is a member of the Giga Watt RICO

7  Enterprise together with the persons described in Plaintiff's Response to Issue (c).

8    (6) Each Defendant is a perpetrator of the alleged racketeering activity. *See*

9  Plaintiff's Response to Issue (f)(2).

10    **Issue (g): State and describe in detail whether you are alleging that the**

11  **pattern of racketeering activity and the enterprise are separate or have merged into one entity.**

12  **Response:** Plaintiff alleges that Defendants' pattern of racketeering activity and

13  the Giga Watt RICO Enterprise have merged into a single entity, despite

14  maintaining the façade of being separate entities. The Giga Watt RICO Enterprise

15  was structured in a way where Giga Watt, Inc. provided the physical location to

16  host and maintain the cryptocurrency mining equipment, and also marketed

17  GigaWatt Pte. as the provider of the cryptocurrency mining equipment; GigaWatt

18  Pte. sold the cryptocurrency mining equipment and acted as the custodian and

19  administrator for the WTT Tokens sold through the ICO. Defendant Carlson and

20  the other named individuals adopted and enforced restrictions on Plaintiff and the

RICO CASE STATEMENT - 26

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

other Class Members that required them to purchase the codependent and parasitic services and the equipment provided by either Giga Watt, Inc. or GigaWatt Pte.

**Issue (h): Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.**

**Response:** The Giga Watt RICO Enterprise is an amalgamation of corporations (Giga Watt, Inc. and GigaWatt Pte.) and individuals (Carlson) associated for a common racketeering purpose. Each Defendant and each individual and entity identified in Plaintiff's Response to Issue (c) exists to create a veil of legitimacy for the Giga Watt RICO Enterprise, generate new sources of investment into the Giga Watt RICO Enterprise, and to move the Giga Watt RICO Enterprise's ill-gotten profits without detection.

**Issue (i): Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering.**

**Response:** Plaintiff alleges the Giga Watt RICO Enterprise created a revenue stream for the Defendants and the persons named in Plaintiff's Response to Issue (c) sufficient to maintain a perception of legitimacy, by constructing a few Giga Pods, selling large quantities of overpriced and rapidly-depreciating cryptocurrency mining equipment, and hosting some of this equipment, while

RICO CASE STATEMENT - 27

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

creating natural "scapegoats" in the form of the ostensibly separate entities purportedly responsible for various cryptocurrency mining service functions.

In less than 2 years from its inception in December 2016, Giga Watt raised nearly $50 million through the ICO and initial investor contributions and generated an unknown amount of revenue from the sale and/or hosting of the cryptocurrency mining equipment and earmarking of WTT Tokens for themselves.

**Issue (j): Describe the effect of the activities of the enterprise on interstate or foreign commerce.**

**Response:** The Giga Watt RICO Enterprise comprises Defendant Giga Watt, Inc., a Washington corporation, Defendant GigaWatt Pte., a Singapore private exempt company, as well as the persons described in Plaintiff's Response to Issue (c), who are citizens of, or reside in Singapore, Russia, and several states in the United States, including Washington and California. The Giga Watt RICO Enterprise purports to purchase cryptocurrency equipment from vendors like Bitmain, which is located in China, and then ship the equipment to Washington State.

The Giga Watt RICO Enterprise employs sales and marketing personnel who are located in several states, including Washington and California, and uses multiple channels of interstate commerce, including post, e-mail, and internet to conduct its racketeering activities. Defendants use interstate and foreign internet and email services to send invoices for cryptocurrency mining equipment to

RICO CASE STATEMENT - 28

Plaintiff located in New York and to Class Members located throughout the country. Defendants also receive payments for such equipment and services via interstate wire from Plaintiff and other Class Members located throughout the country. As such, the Giga Watt RICO Enterprise affects interstate and foreign commerce.

**Issue (k): If the complaint alleges a violation of 18 U.S.C. § 1962(a), provide the following information:**

(1) State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and

(2) Describe the use or investment of such income.

**Response:** Plaintiff does not allege any violations of 18 U.S.C. § 1962(a) in the Complaint.

**Issue (l): If the complaint alleges a violation of 18 U.S.C. § 1962(b), describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise.**

**Response:** Plaintiff does not allege any violations of 18 U.S.C. § 1962(b) in the Complaint.

**Issue (m): If the complaint alleges a violation of 18 U.S.C. § 1962(c), provide the following information:**

(1) State who is employed by or associated with the enterprise.

RICO CASE STATEMENT - 29

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6681769.1

1    (2) State whether the same entity is both the liable "person" and the

2    "enterprise" under § 1962(c).

3    **Response:** As of September 2018, Giga Watt reportedly laid off 47 of its 63

4    staffers. According to Giga Watt's current manager, George Turner, Giga Watt has

5    rehired 7 of the staffers who were laid off. The identities of all current employees

6    will not be known until Plaintiff has an opportunity to conduct the necessary

7    discovery. Below, Plaintiff provides information about identities of such persons

8    discovered through review and analysis of publicly available information who are

9    or were employed by or associated with the enterprise.

10    (1) <u>Giga Watt, Inc.</u>:

11    (a) Brian Armstrong – Operations Supervisor (ICO Team)

12    (b) Drew Behrens – Account Manager

13    (c) Paige Beuhler – Executive Assistant

14    (d) Amy Bossen – Customer Support

15    (e) James Bullis – Logistics Coordinator

16    (f) David M. Carlson – former CEO (ICO Team)

17    (g) Cory DeLozier – Director of Technical Operations

18    (h) Tyler Domer – Lead Field Operations Technician III

19    (i) Jeffrey Field – Lead Engineer (ICO Team)

20    (j) Luis Flores – Warehouse Manager

RICO CASE STATEMENT - 30

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1      (k) Phillip Fuller – Break Fix Manager

2      (l) Hayden Gill – VP Sales

3      (m) Renee Hartman – LAMP Stack Developer

4      (n) Sinden Harum – Executive Manager (ICO Team)

5      (o) Nickolas Haustein – Field Service Technician

6      (p) Moly Hunter – Director of Business Development

7      (q) Zeev Kirsh – Legal Counsel

8      (r) Andrey Kuzenny – Chief Coordinator

9      (s) Leonid Markin – Co-Founder and controlling shareholder

10      (t) Heather Mulhall – Cost Controller

11      (u) Adam Nickels – Business Development

12      (v) Caleb Paine – Network Operations Technician

13      (w) Cody Pettit – Director of Network Operations

14      (x) Kyle Sidles – Chief Technology Officer (ICO Team)

15      (y) George Turner – General Manager and Interim CEO

16      (z) Timur Usmanov – Chief Financial Officer and Secretary

17      (aa) Alicia Walters – Warranty Compliance Specialist

18      (bb) Stephen Wancho – Operations Manager

19      (cc) Adam West – VP Business Development, Director Operator-

20      Partner Program (ICO Team)

RICO CASE STATEMENT - 31

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    (dd) Christopher Williams – Network Operations Lead

2    GigaWatt Pte.:

3    (a) Hayden Gill – VP of Sales (ICO Team)

4    (b) Marina Mikhaylyuta – Director and Sole Shareholder

5    (c) Lim Hui Qi – Director

6    (d) Michael Savuskan – CEO (ICO Team)

7    (e) Victoria Solyanik – Corporate Secretary

8    (f) Chong Sook Yee – Corporate Secretary

9    Cryptonomos Pte.:

10    (a) Anar Babaev – Digital Marketing (ICO Launch Team)

11    (b) Nick Evdokimov – CEO (ICO Launch Team)

12    (c) Daria Generalova – Communications and Public Relations (ICO

13    Launch Team)

14    (d) Eduard Khaptakhaev – Legal Counsel (ICO Launch Team)

15    (e) Dmitri Khovratovich – Smart Contract Development (ICO Launch

16    Team)

17    (f) Zeev Kirsh – Legal Counsel

18    (g) Andrey Kuzenny – Head of Investor Relations (ICO Launch

19    Team)

20    (h) Leonid Markin – Co-Founder and Financial Management

RICO CASE STATEMENT - 32

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1          (i) Oleg Poskotin – CEO (at this time, Plaintiff does not know whether

2          Messrs. Poskotin and Evdokimov serve as co-CEO's or whether Mr.

3          Poskotin has succeeded Mr. Evdokimov as the CEO)

4          (j) Olesya Egozina – Chief Product Officer

5          (2) The association in fact enterprise set forth herein consists of separate

6  business entities and individuals that are not part of a common entity, employer, or

7  corporation. Therefore, the liable persons who formed the Giga Watt RICO

8  Enterprise are not both the liable person and the enterprise under 18 U.S.C. §

9  1962(c).

10      **Issue (n): If the complaint alleges a violation of 18 U.S.C. § 1962(d),
    describe the detail of the alleged conspiracy.**

11

12  **Response:** The conspiracy here is a coordinated effort by Giga Watt, Inc.,

13  GigaWatt Pte. and select individuals to market a full-service cryptocurrency

14  mining service and charge above-market amounts for cryptocurrency mining

15  equipment, which by design was not deployed for months after being purchased or

16  not deployed at all. Defendant Carlson in coordination with the persons named in

17  Plaintiff's Response to Issue (c) formed, or caused to be formed, two or more

18  separate entities that were sufficient to maintain a perception of legitimacy, by

19  marketing and promoting a full range of cryptocurrency mining services,

20  constructing a few Giga Pods, selling large quantities of overpriced and rapidly-

RICO CASE STATEMENT - 33

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

depreciating cryptocurrency mining equipment, and hosting some of this equipment, while creating natural "scapegoats" in the form of the ostensibly separate entities purportedly responsible for various cryptocurrency mining service functions.

The conspirators created a structure where Cryptonomos Pte. created a platform and the means to capitalize the Giga Watt RICO Enterprise by way of an ICO; Giga Watt, Inc. provided the physical location to market, host and maintain the cryptocurrency mining equipment, and also marketed GigaWatt Pte. as the provider of the cryptocurrency mining equipment; and GigaWatt Pte. marketed and sold the cryptocurrency mining equipment that was to be hosted and operated at Giga Watt, Inc. facilities, and acted as the custodian and administrator for the WTT Tokens sold through the ICO. Defendant Carlson and the other named individuals adopted and enforced restrictions on Plaintiff and the other Class Members that required them to purchase the codependent and parasitic services and the equipment provided by either Giga Watt, Inc. or GigaWatt Pte.

To achieve their common goals, Defendants misrepresented and hid from Plaintiff, the Class Members, and the general public Giga Watt's actual hosting capabilities and the true status of deploying the mining equipment purchased by Plaintiff and the Class Members.

RICO CASE STATEMENT - 34

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    **Issue (o): Describe the alleged injury to business or property.**

2    **Response:** Plaintiff and the Class Members have suffered economic injury in the

3    form of purchasing rapidly-depreciating cryptocurrency mining equipment that

4    was not deployed for months after purchase and the scheduled deployment date or

5    not at all, lost mining revenue, and loss of opportunity as the total cryptocurrency

6    that may be mined decreased and the cost of mining increased while the miners

7    were not operational.

8    **Issue (p): Describe the direct causal relationship between the alleged
injury and the violation of the RICO statute.**

9

10    **Response:** Plaintiff and the Class Members reasonably relied on Giga Watt and

11    Carlson's representations and marketing materials that continued to hold Giga

12    Watt out as the leader in low-cost, full-service cryptocurrency mining services.

13    Plaintiff and the Class Members have been injured by Giga Watt's deceptive acts

14    and practices in that they purchased mining equipment from Giga Watt reasonably

15    believing Giga Watt would deploy the equipment and provide the promised mining

16    hosting services in or around the time the mining equipment was to be purportedly

17    delivered to Giga Watt's Facilities. Plaintiffs would not have purchased

18    Defendants' services and/or equipment but for these representations.

19    The Giga Watt RICO Enterprise continued to market and sell their "turnkey"

20    cryptocurrency mining services, despite failing to construct a sufficient number of

RICO CASE STATEMENT - 35

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

Giga Pods to house the miners that were sold. While Defendants now state they have incurred millions in debt and do not have the economic ability to construct any additional Giga Pods, they continued to misrepresent the status of their hosting abilities, including the Giga Pod construction, in a manner that caused Plaintiff and the other Class Members to purchase cryptocurrency miners and then hold onto their undeployed and rapidly-depreciating miners. But for the Giga Watt RICO Enterprise's efforts to conceal the true status of Giga Watt's hosting capabilities, the Giga Pod construction, and the deterioration of Giga Watt's financial health, Plaintiff and the Class Members would not have purchased Giga Watt's cryptocurrency mining services.

**Issue (q): List the damages sustained by reason of the violation of § 1962, indicating the amount for which each defendant is allegedly liable.**

**Response:** The scope and extent of Defendants' total sales of the cryptocurrency mining services are unknown, as Giga Watt, Inc. and GigaWatt Pte. are privately held companies. Consequently, without the benefit of discovery, Plaintiff and the Class Members cannot ascertain the total number of purchasers, the total number of purchased miners, or the total number of deployed miners. This information, amongst other, is necessary to calculate the true extent of the damages Defendants caused through the Giga Watt RICO Enterprise, and information which is in Defendants' possession, custody or control. The amount and sources of damages

RICO CASE STATEMENT - 36

are based, in part, on: the artificially inflated purchase price of the mining equipment; rapid diminution in value of the mining equipment exacerbated by lack or delay of deployment; lack of mining income caused by a delay or failure to deploy the mining equipment; loss of opportunity to mine cryptocurrency; and Defendants' destruction of a resale market for the mining equipment due to the delay or failure to deploy the equipment until it lost all value. By way of example, Plaintiff paid $16,977 for the eight miners identified in the Complaint, which he purchased from Giga Watt in August 2017, and which were to all be deployed by Giga Watt in late October or November 2017. Four of the miners were never deployed and four were not deployed until February 2018. Based on public information, there are thousands of Class Members, and Defendants have generated tens of millions in revenue through the unlawful acts at issue here.

**Issue (r): List all other federal causes of action, if any, and provide the relevant statute numbers.**

**Response:** Plaintiff and the Class Members do not presently allege any other federal causes of action.

**Issue (s): List all pendent state claims, if any.**

RICO CASE STATEMENT - 37

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6681769.1

**Response:**

- Violation of the Washington Consumer Protection Act, RCW 19.86.010 *et seq.*

- Violation of the New York General Business Law §§ 349, *et seq.*

- Common Law Fraud

- Negligent Misrepresentation

- Breach of Contract

- Breach of the Implied Covenant of Good Faith and Fair Dealing

- Unjust Enrichment

**Issue (t): Provide any additional information that you feel would be helpful to the Court in processing your RICO claims.**

**Response:** Giga Watt, Inc. and GigaWatt Pte. are privately held companies and a significant volume of highly relevant evidence supporting the claims herein will be obtained through discovery. Defendants have not responded to Plaintiff's discovery preservation letters and requests that were sent on October 8, 2018. Plaintiff believes an additional preservation order from the Court is warranted under the circumstances.

**Issue (u): If you cannot presently provide certain information requested above due to lack of discovery, set forth with specificity:**

(1) the fact(s) presently unknown but which you expect to be able to prove;

RICO CASE STATEMENT - 38

1    (2) the nature of discovery you plan to undertake to develop such facts;

2    (3) of whom you intend to take discovery; and

3    (4) when you intend to commence and/or complete such discovery.

4    **Response:** Plaintiff has not had the chance to obtain e-mail correspondence or

5    Defendants' financial statements and information that will likely further reinforce

6    every fact and allegation contained herein. As private companies, Giga Watt, Inc.

7    and GigaWatt Pte. do not make their financials available in any public forum.

8    Additionally, Defendants and the related persons have gone to great lengths to

9    create an illusion of separateness between the individual defendants and a façade

10    of legitimacy by incorporating GigaWatt Pte. in Singapore and listing foreign

11    nationals as its officers and directors in the required corporate filings in Singapore,

12    while naming entirely different persons as GigaWatt Pte.'s control group on its

13    website and in Giga Watt's marketing materials.

14    (1) Plaintiff does not know the identities of all directors, officers,

15    shareholders, and the true control persons of each Defendant and the persons

16    named in Plaintiff's Response to Issue (c). Plaintiff currently does not know the

17    true nature of Giga Watt's financial status, including Giga Watt's total sales from

18    inception through the present, revenue, deployment rates, etc. Plaintiff does not

19    know the actual number and status of completion of the Giga Pods.

20

RICO CASE STATEMENT - 39

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    (2) Plaintiff intends to use the ordinary and necessary discovery instruments,

2    including depositions, subpoenas *duces tecum*, interrogatories, requests for

3    admission, and requests for production and inspection. For example, public entities

4    (e.g., Port of Douglas County) may have information that will help demonstrate

5    that Defendants misrepresented the status of the Facilities. Additionally, Plaintiff

6    will engage the services of experts necessary to analyze and interpret the nature

7    and status of Defendants' financial wellbeing, the status and likely completion of

8    construction of the Giga Pods, and the amount and nature of Plaintiff and the Class

9    Members' economic damages.

10    (3) At this time, Plaintiff intends to take discovery from each individual

11    Defendant and the persons named in Plaintiff's Response to Issue (c). Additional

12    persons and/or sources of discovery will likely come to light as a result of

13    Plaintiff's initial discovery efforts. Accordingly, Plaintiff reserves the right to

14    amend this RICO Case Statement to add any newly obtained sources of discovery.

15    (a) (4) Plaintiff shall commence his discovery efforts as soon as practicable and

16    permissible under the Federal Rules of Civil Procedure.

17    DATED this 26th day of December, 2018.

18

19

20

    s/ John A. Knox
    s/ Douglas A. Hofmann
    John A. Knox, WSBA #12707
    Douglas A. Hofmann, WSBA #6393
    Williams, Kastner & Gibbs PLLC

RICO CASE STATEMENT - 40

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

601 Union Street, Suite 4100
Seattle, WA  98101-2380
Tel: (206) 628-6600
jknox@williamskastner.com
dhofmann@williamskastner.com

Timothy G. Blood (*PHV* to be filed)
Thomas J. O'Reardon II (*PHV* to be filed)
Aleksandr J. Yarmolinets
  (*PHV* to be filed)
Blood Hurst & O'Reardon, LLP
501 West Broadway, Suite 1490
San Diego, CA  92101
Tel: (619) 338-1100
tblood@bholaw.com
toreardon@bholaw.com
ayarmolinets@bholaw.com

The Crypto Lawyers, LLP
Joseph J. Collement (*PHV* to be filed)
Rafael Yakobi (*PHV* to be filed)
1041 Market Street, #340
San Diego, CA 92101-7233
Tel: (805) 280-6944
joseph@thecryptolawyers.com
rafael@thecryptolawyers.com

Attorneys for Plaintiff

F

RICO CASE STATEMENT - 41